GEORGE S. VAN SCHAICK, Superintendent of Insurance of the State of New York, as Liquidator of the EQUITABLE CASUALTY AND SURETY COMPANY, Respondent, *v.* PENNSYLVANIA EXCHANGE BANK, Appellant.

First Department, October 28, 1932.

*Louis Greenblat* of counsel [*Dorff & Levy*, attorneys], for the appellant.

*Abraham J. Halprin* of counsel [*Alfred C. Bennett*, attorney], for the respondent.

O'MALLEY, J. Is the defense pleaded sufficient in law, and has defendant shown facts entitling it to defend? These are the questions here presented.

The plaintiff, Superintendent of Insurance of the State of New York, as liquidator of the Equitable Casualty and Surety Company, sues to recover the sum of $5,668.16, the amount on deposit with the defendant to the credit of the casualty company on December 31, 1930, the date the order of liquidation was made and entered.

On the record before us there is no dispute as to essential facts.

The amount of the deposit on the day in question is conceded; likewise, the fact that on January 5, 1931, the plaintiff made demand for payment which was refused.

The defense stricken out and the facts shown by defendant in substantiation thereof are as follows:

On April 2, 1930, the casualty company executed and delivered its bond to the defendant in the sum of $50,000 guaranteeing the payment of a ninety-day promissory note of even date in like amount made by the Leading Finance and Service Corporation. This bond provided that if the finance corporation should well and truly pay the note as and when it became due and any renewal or renewals thereof, then and in that event the bond was to become null and void; otherwise to remain in full force and effect. The casualty company further agreed and undertook to pay the note " in the event " that the same was not paid by the maker or indorser thereof.

The original note was renewed from time to time and the indebtedness reduced to the sum of $25,000, which was likewise evidenced by a promissory note due *January 12, 1931*. Payment of principal and interest on this was likewise guaranteed by the casualty company, which also agreed to pay the amount of principal and interest " in the event " that the maker or indorser failed so to do.

The order of liquidation was made *December 31, 1930*, and duly filed the same day in the office of the clerk of the county of New York.

On January 12, 1931, the note was presented. Payment was refused, though duly demanded, of all of which due and timely notice was given to the casualty company and to the plaintiff.

We are of opinion that the facts pleaded constituted a good and sufficient defense, and that the defendant by affidavit has shown a triable issue.

It is well established that unmatured claims of a creditor against a company in liquidation under the Insurance Law may not be set off against a matured claim against such creditor and in favor of the company in liquidation. (*People* v. *Metropolitan Surety Co.*, 205 N. Y. 135.) Section 63, subdivision 3, of the Insurance Law provides: " * * · * The rights and liabilities of any such corporation, and of its creditors, * * * and of all other persons interested in its assets, shall, *unless otherwise directed by the court,* be fixed as of the date of the entry of the order directing the liquidation of such corporation * * *." (Italics ours.) This provision of section 63 of the Insurance Law was repealed on March 15, 1932, and a new article 11 was added to the statute. Section 404, subdivision 2, of the Insurance Law (as added by Laws of 1932, chap. 191) contains substantially the same provision as

above quoted from section 63. By virtue of section 428 of the Insurance Law (as added by Laws of 1932, chap. 191), relating to the continuation of existing proceedings after March 15, 1932, the provisions of the new article 11 superseded section 63, but in the discretion of the Superintendent of Insurance, subject to the approval of the court, existing proceedings may be continued as they would have been continued had said section 63 not been repealed. The order of liquidation authorizing and directing the plaintiff herein to liquidate this casualty company provided: " * * * that the rights and liabilities of the Equitable Casualty & Surety Company and of its creditors, * * * and all other persons interested in its assets be and the same hereby are fixed as of twelve (12) o'clock noon, Standard Time, at New York, N. Y., on the *15th day of January*, 1931, * * *." (Italics ours.) As the date provided in the order of liquidation herein applies equally to all having claims against the insolvent company, and as the date, January 15, 1931, was fixed in the order of liquidation, at the time of its entry, such date is controlling and any claims perfected before the time specified are allowable. (*Matter of Empire State Surety Co.*, 214 N. Y. 553.)

On January 15, 1931, this defendant, therefore, having a then matured claim against the company in liquidation, was entitled to set off such claim against any claim against it held by such insolvent company. The fact that prior to such date and on January 5, 1931, a demand had been made by plaintiff on the defendant for payment of the amount of the deposit is immaterial. Such demand merely gave rise to a cause of action in favor of the plaintiff to recover on the debt existing because of the deposit. This action was commenced on April 16, 1932, or after January 15, 1931, and the setoff pleaded in the defense was proper, even under section 266, subdivision 2, of the Civil Practice Act.

Prior to the commencement of this action the plaintiff had applied for an order adjudging the defendant in contempt for failing to pay the amount of the deposit pursuant to the demand and the mandate of the order of liquidation directing all parties to turn over assets of the insolvent company, which motion was denied. This court affirmed upon the ground that as there existed merely the relationship of debtor and creditor, a summary order directing the payment of the debt might not issue. (*Matter of Equitable Casualty & Surety Co.*, 235 App. Div. 250.)

Upon such appeal we also expressed the view that the plaintiff as liquidator was not a receiver within the purview of section 151 of the Debtor and Creditor Law. Our view on that question then expressed remains unchanged. If the plaintiff as liquidator under the Insurance Law were to be deemed a receiver within

the purview of section 151 of the Debtor and Creditor Law, under which unmatured claims would be allowed, the whole policy of fixing a date either by the mere entry of the order appointing the liquidator or by a time fixed therein, would be subverted. Public policy requires that a fixed date be had to the end that the liquidation proceedings should not be interminably carried on. (*People* v. *Metropolitan Surety Co., supra.*) This is assuming without conceding that the defendant herein prior to January 12, 1931, had an unmatured, as distinguished from a contingent, claim.

It follows, therefore, that the judgment and order appealed from should be reversed, with costs, and the motion for summary judgment denied, with ten dollars costs.

FINCH, P. J., MERRELL, SHERMAN and TOWNLEY, JJ., concur.

Judgment and order reversed, with costs, and motion denied, with ten dollars costs.